People v Avila (2025 NY Slip Op 03286)

People v Avila

2025 NY Slip Op 03286

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Ind. No. 70739/23|Appeal No. 4520|Case No. 2023-05131|

[*1]The People of the State of New York, Respondent,
v
Kevin Avila, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Audrey E. Stone, J.), rendered August 23, 2023, convicting defendant, upon his plea of guilty, of unauthorized use of a vehicle in the third degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring that defendant consent to warrantless searches of his person, vehicle, and place of abode for "illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband," and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US , 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of probation requiring that he consent to warrantless searches of his person, vehicle, and home survives the appeal waiver (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]) and does not require preservation (see People v Hakes,32 NY3d 624, 628 n 3 [2018]; People v Fernandez, 233 AD3d 627, 628 [1st Dept 2024]). "Defendant was not under the influence of any substance or armed with a weapon when he committed the crime of which he was convicted, and he had no history of offenses involving substance abuse or weapons" (Arias, 210 AD3d at 594). Accordingly, the consent-search condition was not necessary to ensure that he will lead a law-abiding life (id.; see Penal Law § 65.10[1]), or reasonably related to defendant's rehabilitation (see Penal Law § 65.10[2][l]), rendering the condition improperly imposed (see Fernandez, 233 AD3d at 628; Arias, 210 AD3d at 594).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025